### ARMSTRONG et v BEERY et

Ohio Appeals, 2nd Dist, Franklin Co

No 2438. Decided March 26, 1935

Brooks E. Shell, Lancaster, and Lowry E. Sater, Columbus, for plaintiffs in error.

James M. Hengst, Columbus, for defendants in error.

## OPINION

**By THE COURT**

We have carefully examined the report of the master commissioner and find that Mr. Griffith has in his usual painstaking, careful and capable manner analyzed in detail, with great care the respective claims of the parties. Judge King likewise, by independent consideration of the facts, in conjunction with the report of the master, has given marked attention to the questions presented.

We have examined the record in its entirety, with care, and the helpful voluminous briefs of counsel and are in agreement with the findings of the master and the judgment thereon by Judge King. The facts upon which the court found that negligence had been established by the proof to be found in the record are susceptible of such determination.

It is argued by capable counsel for the defendants that in the circumstances peculiar to this case, in the light of common practice by the directors of institutions such as the one under consideration, the acts of the defendants were not negligent but constituted the observance of ordinary care. Certainly, like any disputed question, different inferences may be drawn from the probative facts. We are constrained to say, however, that the master and the court were well within their province in finding that negligence was established in the particulars delineated in the opinion of Judge King.

Upon the other questions, namely, that the ultimate obligation of the defendants may be lessened or completely wiped out when all of the affairs of the company are concluded, we are of opinion that, granted that this may eventuate, there is no reason why a present judgment should be postponed. If there is an obligation of the defendants to the plaintiff because of their negligent acts, proximately causing the loss to the plaintiffs, then they are entitled to a judgment at this time.

We could discuss the legal questions propounded at length, but in so doing we would merely be reiterating and restating that which has been well stated in the report of the master and the opinion of Judge King. We, therefore, affirm this judgment upon these opinions, together with the brief observations that we herewith have made.

The judgment of the trial court will be affirmed in its entirety.

KUNKLE, PJ, BARNES and HORNBECK, JJ, concur.